A89A0877. TATE v. THE STATE.
(382 SE2d 688)

BANKE, Presiding Judge.

The appellant was convicted of robbery and criminal attempt to commit armed robbery, based on two separate incidents which occurred on the same day. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the testimony of the two victims was insufficient to overcome his alibi defense. This contention is without merit. Both victims picked the appellant out of a police lineup and positively identified him during the trial. The evidence, considered as a whole, was amply sufficient to enable a rational trier of fact to reject the appellant's alibi defense and to conclude beyond a reasonable doubt that he was the assailant in both instances.

2. The appellant's conviction of criminal attempt to commit armed robbery must nevertheless be reversed due to the absence of any evidence that he was armed with "an offensive weapon, or any replica, article, or device having the appearance of such a weapon" on

the occasion in question. OCGA § 16-8-41 (a). While the presence of a weapon during the commission of a robbery may be established without proof that the weapon was actually seen, " '[s]ome physical manifestation of a weapon is required, . . . or some evidence from which the presence of a weapon may be inferred.' " *Hughes v. State*, 185 Ga. App. 40, 41 (363 SE2d 336) (1987), quoting *People v. Coleman*, 128 Ill. App.3d 538 (2) (470 NE2d 1277) (1984). With respect to the criminal attempt charge for which the appellant was tried, the victim's testimony was merely that the appellant had approached him with his hand in his jacket pocket. Contrary to the state's assertion in its brief, the victim did not state that the appellant had "his finger in his pocket as if he had a pistol." The witness was not asked what, if anything, it appeared to him the appellant might have had in his pocket besides his hand, and he did not volunteer any opinion on the issue. While a conviction of criminal attempt to commit robbery would clearly have been authorized under the circumstances, a conviction of criminal attempt to commit armed robbery was not.

3. The appellant contends that on two separate occasions during closing arguments, the state's attorney made remarks which were "unfairly and fatally prejudicial" to him. On the first such occasion, the state's attorney argued that defense counsel had used "cheap lawyer tactics" and "shyster tactics" during the trial and that his every objection had been "hogwash." While we tend to agree with the appellant that the characterization of his counsel's tactics as those of a "cheap lawyer" and a "shyster" went well beyond the bounds of propriety, no objection was made to these remarks. Rather, the only objection made by defense counsel on the occasion in question concerned a reference by the state's attorney to "other cases" which he (defense counsel) had tried in the past. This objection was sustained by the trial court, and no further curative action was requested. Accordingly, this portion of the state's closing argument presents nothing for review on appeal. See *Hall v. State*, 180 Ga. App. 881, 881-2 (350 SE2d 801) (1986).

Later during the closing argument, defense counsel moved for a mistrial in response to the following remarks made by the state's attorney concerning a videotape which had been made during the commission of the completed robbery and which evidently showed the perpetrator's body but not his facial features: "Did you notice the way he was walking in the TV tape? I submit to you he was probably on dope, because he was rubbing his nose." The trial court declined to grant a mistrial in response to this comment but did instruct the jury that "anything that [the state's attorney] says is not evidence." The state's attorney then proceeded as follows: "But I submit to you that, did you notice how he was kind of light-footing it in there and seemed kind of a little — walked a little funny? Whoever was doing that, and

I submit that the defendant was probably doing it to buy a little more dope." Defense counsel again moved for a mistrial at this time, and the trial court responded by admonishing the state's attorney as follows: "I don't think there's any evidence of that, and I'm going to ask you not to go into that."

The state presented no evidence during the trial of this case that the appellant used drugs. Rather, the repeated argument by the state's attorney that the commission of the robbery was connected to the use of "dope" by the appellant was based purely on speculation. The use of such argument has previously been condemned by this court in *Hall v. State*, supra, where, as in the present case, it was evidently designed to discredit the defendant's alibi testimony. Id. 180 Ga. App. 885. We must agree with the appellant that the trial court's mild admonishment to the state's attorney, unaccompanied by any instructions to the jury to disregard the remarks, was inadequate under the circumstances to erase the resulting prejudice to him, with the result that he is entitled to a new trial. Accord *Josey v. State*, 89 Ga. App. 215 (3) (79 SE2d 64) (1953); *Smith v. State*, 118 Ga. App. 464 (1) (164 SE2d 238) (1968).

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED MAY 19, 1989 —
REHEARING DENIED MAY 31, 1989 —

*H. Haywood Turner III*, for appellant.
*Douglas C. Pullen, District Attorney, J. Gray Conger, Assistant District Attorney*, for appellee.