A00A1511. PRINS v. THE STATE.
(539 SE2d 236)

SMITH, Presiding Judge.

David Devilliers Prins was convicted by a jury on one count of armed robbery and one count of terroristic threats. His motion for new trial was denied, and he appeals. We find no error, and we affirm.

1. Prins challenges the sufficiency of the evidence to support his conviction for armed robbery, contending the State failed to show he used an offensive weapon.

Construed to uphold the verdict, evidence was presented that Prins entered a bank, walked toward a teller window, and handed the teller a bag along with a note. The note recited as follows: "I have a gun Put *100 50 20* in bag I will kill you I have nothing to lose."[1] The victim testified, and photographs obtained through use of the bank's surveillance camera showed Prins to be wearing a zipped, hooded

---

[2] *In the Interest of M. G. F.*, 222 Ga. App. 816, 817 (476 SE2d 100) (1996).
[1] The note also indicated that the victim was not to give Prins bills bound in dye packs designed to mark stolen money.

jacket. The victim testified that she never actually saw a weapon and that Prins did not place his hands inside his jacket or inside the bag in a manner indicating that he had a weapon. But she also testified that she could not see his right hand at the time of the robbery. She stated that she could not see what he was doing with his right hand — that he held it "to his side underneath the counter."

The victim testified that when she first read the note, she became flushed, her eyes began watering, and she "looked at him like are you serious?" According to the victim, Prins nodded and said "Yeah." The victim followed Prins's instructions, placing over $2,000 inside the bag. Prins "snatched it," and left the bank. She testified that she was afraid Prins was going to kill her, because of the note he had given her. According to one of the investigating police officers, based on photographs taken by use of the bank's surveillance camera, he could not see what Prins was doing with his right hand, as it was hidden behind the counter. Prins testified, admitting he robbed the bank and gave a note to the victim telling her he had a gun. He denied actually having a gun on his person or inside his vehicle, however.

Prins contends the evidence was insufficient to convict him of armed robbery because no direct evidence was presented showing that he actually used or possessed a weapon during the robbery. We do not agree. Under OCGA § 16-8-41 (a),

> [a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon.

Under this statute, the presence of a weapon is necessary to a conviction for armed robbery. But the presence of such a weapon

> may be established by circumstantial evidence, and a conviction for armed robbery may be sustained even though the weapon itself was neither seen nor accurately described by the victim. Some physical manifestation of a weapon is required, however, *or some evidence from which the presence of a weapon may be inferred.*

(Citation and punctuation omitted; emphasis supplied.) *Hughes v. State*, 185 Ga. App. 40, 41 (363 SE2d 336) (1987). Furthermore, "[t]he question is whether the defendant's acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used, regardless of whether the victim actually saw the weapon." (Citation and punctuation omitted.) *Johnson v. State*, 195 Ga. App.

56, 57 (1) (a) (392 SE2d 280) (1990).

While Prins may not have physically displayed a weapon in view of the victim, his note to the victim clearly and boldly recited that he had a gun and would kill her. Furthermore, some evidence was presented that one of his hands was not visible to the victim during the robbery. And we have stated that "[t]hreatening to shoot a victim while keeping a hand concealed shows the weapon element of armed robbery. [Cits.]" *Maddox v. State*, 238 Ga. App. 598 (1) (521 SE2d 581) (1999). Given the photographs presented at trial, language in the note that Prins had a gun, and the victim's testimony concerning her fear, in addition to the fact that both of Prins's hands were not visible to the victim, we conclude that sufficient circumstantial evidence was presented authorizing the jury to conclude that the victim reasonably believed Prins had a gun. See *Keller v. State*, 231 Ga. App. 546-547 (1) (499 SE2d 713) (1998). See also *McCluskey v. State*, 211 Ga. App. 205, 206-208 (2) (438 SE2d 679) (1993); *Nicholson v. State*, 200 Ga. App. 413, 414 (1) (408 SE2d 487) (1991).

This case is distinguished from *Bradford v. State*, 223 Ga. App. 424 (477 SE2d 859) (1996) (physical precedent only), cited by Prins. In *Bradford*, a carjacking conviction was reversed, but no evidence was presented that defendant concealed his hand or acted as if he were holding an offensive object. The victim in that case testified she did not know where one of the appellant's hands was located and only "possibly" thought he had a gun. Id. at 426. And as noted in the special concurrence in *Bradford*, positive evidence was presented that the appellant did not use a gun; he was apprehended in the act of committing the crime, and the police officer who searched him found no gun. Id. at 427-428. In light of that evidence, "the jury *could not* find that defendant was in possession of a firearm when he attempted to hijack the victim's car." (Emphasis supplied.) Id. at 428. In contrast, here, some evidence was presented from which the jury could infer the presence of a gun.

2. Prins contends reversal is required because the trial court deviated from the pattern jury charge with respect to its instruction on armed robbery. We find no merit in this contention. The trial court charged the jury as follows:

> A person commits armed robbery when, with the intent to commit a theft, that person takes property of another from the person or the immediate presence of another by the use of an offensive weapon. The armed robbery statute has been interpreted to include concealed offensive weapons, provided that there is either a physical manifestation of the weapon or some evidence from which the presence of a weapon may be inferred. The question is whether the defendant's acts

created a reasonable apprehension on the part of the victim that an offensive weapon was being used, regardless of whether the victim actually saw the weapon.

Prins correctly argues that this charge did not completely track the language of the pattern jury instruction or OCGA § 16-8-41 (a), particularly because the charge failed to state that armed robbery could be accomplished through use of "any replica, article, or device having the appearance of [an offensive] weapon." OCGA § 16-8-41 (a). Also, the court omitted the pattern charge defining "offensive weapon" as

any object, device, or instrument which, when used offensively against a person, is likely to (or gives the appearance of being likely to) or actually does result in death or serious bodily injury. The character of a weapon may be established by direct or circumstantial evidence.

Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed. 1991), p. 116. The trial court then charged the jury with respect to robbery by intimidation.

We find no error in the trial court's charge. After the jury began deliberations, in response to a request by the jurors that they be provided copies of the charges or statutes addressing armed robbery, terroristic threats, and robbery by intimidation, the trial court recharged the jury and included the statutory language concerning use of a device having the appearance of an offensive weapon initially omitted from the charge. And the additional language recited by the court concerning the reasonable apprehension on the part of the victim was a correct statement of the law. See, e.g., *Turner v. State*, 237 Ga. App. 642, 643 (1) (516 SE2d 343) (1999). The charge as given by the trial court clearly explained the difference between armed robbery and robbery by intimidation; contrary to Prins's argument, the trial court did so without blurring "the distinction between reasonable apprehension for armed robbery and apprehension of danger for robbery by intimidation." Nor do we agree with Prins that the charge "directed the jury's attention away from the presence of a gun as required by the statute to the presence of the victim's reasonable apprehension." When considering the charge as a whole, as we must,[2] we conclude that the trial court fully and accurately charged the jury with respect to the crimes with which Prins was charged.

3. Prins also contends that the trial court's instructions on armed robbery and robbery by intimidation were sequential in nature and therefore were erroneously given. But the trial court's

---

[2] See generally *Williams v. State*, 267 Ga. 771, 773 (2) (a) (482 SE2d 288) (1997).

instruction on robbery by intimidation substantially tracked the language of the pattern jury instruction as follows:

> [I]f you find in this case all of the elements of armed robbery but you don't find that there was an offensive weapon used but that the taking was accomplished by the accused putting the alleged victim under such fear as would create in the mind of the victim an apprehension of danger to life or limb, and if you do so find beyond a reasonable doubt, then you would be authorized to find the defendant guilty of robbery by intimidation. A person commits robbery by intimidation when, with intent to commit a theft, that person takes property of another from the person or from the immediate presence of another by putting the victim under such fear as would create in the mind of the victim an apprehension of danger to life or limb.

See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed. 1991), pp. 116-117. The court later charged the jury that if it did not find Prins to be guilty beyond a reasonable doubt of armed robbery but did find him to be guilty of robbery by intimidation beyond a reasonable doubt, it would be authorized to render a verdict of guilty of robbery by intimidation.

Contrary to Prins's contention, this instruction did not require the jury to reach a unanimous agreement with respect to the greater offense of armed robbery before reaching the lesser offense of robbery by intimidation, a procedure prohibited by *Cantrell v. State*, 266 Ga. 700 (469 SE2d 660) (1996). See also *Kunselman v. State*, 232 Ga. App. 323, 324-325 (1) (501 SE2d 834) (1998). Instead, the charge "properly informed the jury that it should first consider the offense as charged, and if it had a reasonable doubt as to the offense charged, then it could consider the lesser offense." (Citation and punctuation omitted.) *Welch v. State*, 217 Ga. App. 412, 414 (3) (457 SE2d 829) (1995).

4. Prins argues that the trial court erroneously denied his motion for directed verdict on the terroristic threats charge, based on a fatal variance between the indictment and the facts proved at trial.

As Prins correctly points out, the indictment charged him with making terroristic threats by orally threatening to commit a crime of violence, murder, against the victim. But contrary to Prins's argument, some evidence was presented from which the jury could have concluded that the victim was threatened both orally and in writing. As discussed above, evidence was presented that after the victim read the note she became visibly upset and looked at Prins as if to ask if he were serious. And according to the victim, Prins said

"Yeah."[3]

5. Prins argues he was denied effective assistance of counsel, in that trial counsel failed to interview and present the testimony of exculpatory witnesses whose names were provided by the State. But Prins has failed to make a proffer of any uncalled witnesses' testimony and therefore has failed to show, as required by *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), that the outcome of his trial might have been different, but for trial counsel's deficiency. See *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

Likewise, we cannot agree with Prins that trial counsel's failure to present photographic and "videographic" evidence provided by the State constituted ineffective assistance of counsel. He argues that such evidence would have rebutted the State's theory that because the victim had seen only one of Prins's hands, he may have had a gun in the other hand. But without this evidence, we are unable to determine how, if at all, other photographs and any videotape might have affected the outcome of the case. See *Goodwin*, supra. Prins's argument on this ground fails as well.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 14, 2000 —
RECONSIDERATION DENIED NOVEMBER 1, 2000 —

*John W. Kraus, Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Christopher M. Quinn, Assistant District Attorney*, for appellee.

---

[3] Language in Prins's note that he had a gun, as well as evidence concerning the position of his hands and the victim's testimony that she believed Prins would kill her, supported the armed robbery charge. Prins's note also said he would kill her and had nothing to lose, and then he verbally confirmed these statements. These additional facts supported the conviction on the terroristic threats charge.