## A02A1711. WALKER v. THE STATE.
(574 SE2d 400)

MIKELL, Judge.

A jury convicted Foris Walker, Jr. of armed robbery and hijacking a motor vehicle. He was sentenced to a total of twenty years, with ten to be served in confinement and the balance on probation. Walker appeals, arguing that the trial court posed an improper question to prospective jurors during voir dire. He also contends that the court erred in allowing the state to refer to a photographic lineup and in admitting testimony suggesting that he had a criminal history. We affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Paul v. State,* 231 Ga. App. 528 (499 SE2d 914) (1998). We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Williams v. State,* 233 Ga. App. 217 (1) (504 SE2d 53) (1998).

So viewed, the evidence shows that in the early hours of September 22, 2000, Antonio Maryland, a 25-year-old student, left an Albany nightclub and drove to a Krystal fast food restaurant in his green 1996 Nissan Altima. After purchasing some food, he returned to the parking lot of the club to eat while he waited for his friends. Maryland testified that, while he was eating, a man approached his car and asked for a ride to the home of the man's aunt. Maryland testified that he did not know the man and had never seen him before. Maryland initially refused but ultimately agreed to give the man a ride. The man, whom Maryland described as a "skinny" black man, left for a moment and returned to Maryland's car accompanied by a larger man who was also African-American. According to Maryland, the skinny man climbed into the backseat, and the larger one sat in the front passenger seat. The police subsequently determined that

Walker was the thin man who approached Maryland, and the larger man was Kenneth Hendricks.

Maryland testified that Walker directed him to an apartment complex. Walker got out of the car and walked around to the back of a building. He returned to the car and reported that his aunt was not home. Walker climbed in the backseat, and Maryland drove toward the nightclub. Maryland testified that as he neared the club, Walker pulled out a gun, pointed it at Maryland's head, and said, "drive the car." Maryland opened his door and leapt out of the moving vehicle. Maryland ran to the nightclub, where he reported the incident to a police officer.

Deputy Katonya Battle of the Tift County Sheriff's Department testified that on October 18, 2000, she received a report that Walker had been seen driving the stolen vehicle in Tifton. She observed Walker and another man in the 1996 Altima, but before she could initiate a traffic stop, Walker stopped the car, and the two men fled. Deputy Battle testified that the radio had been removed from the Altima, and the license plate had been replaced with one that had been reported stolen two days earlier by Walker's uncle.

Walker was arrested on November 6, 2000. He gave four different statements to law enforcement officers regarding his possession of the stolen vehicle. First, in a written statement provided to Investigator Chad Davis of the Tift County Sheriff's Department on November 6, Walker stated that he did not know the car was stolen and that he rented it from a man named Greg for $15. In a second statement provided to Albany Police Detective Tracey Hudson on November 8, Walker again stated that he rented the car from a man named Greg, whom he called a "crack head." Later that day, Walker gave a third statement to Investigator Davis, in which he claimed that he and Hendricks drove from Tifton to Albany in Hendricks' car; that Hendricks approached Maryland in a gas station parking lot; that Walker waited in Hendricks' car while Maryland drove Hendricks to an undisclosed location; that Hendricks returned alone in Maryland's vehicle; and that he and Hendricks drove the two vehicles to Tifton. He further alleged that he had seen Hendricks in possession of a chrome pistol in the past. Finally, Walker gave a fourth statement to Detective Hudson on November 21, in which he claimed that he and Hendricks had gone to a club; that Hendricks asked Maryland to take them to his aunt's home; that Walker sat in the front seat, and Hendricks was in the back; that Hendricks held a gun to Maryland's head; and that Maryland jumped out of the car. He further stated that he and Hendricks returned to the nightclub and that Hendricks drove Maryland's car to Tifton.

Contrary to Walker's statements, Maryland testified repeatedly that a skinny black man approached him, sat in the backseat of his

car, and held the gun to his head, and that the larger black man accompanying the skinny man remained in the front seat. Inspector Davis testified that the Georgia Crime Information Center ("GCIC") had profiles of both Walker and Hendricks. Walker was described in the GCIC information as a "[b]lack male, [five feet, eleven inches tall,] 140 pounds." Hendricks was described as a "[b]lack male, [six feet, two inches tall,] 230 pounds." It was clear that Walker was the thinner and shorter of the two men.

Walker has not raised the sufficiency of the evidence in his appeal; however, we note that it was sufficient to support his conviction under *Jackson v. Virginia*, supra.

1. In his first error, Walker contends that the trial court erred in posing the following question to the prospective jurors during voir dire: "Does any member of this panel have any ethical, moral, or religious or other beliefs that would not allow you to sit in judgment of the guilt or innocence of someone?" Walker argues that the trial court compromised the presumption of his innocence by implying that the jury may determine innocence as well as guilt.

Walker failed to preserve the issue for appeal by not objecting to the question. Uniform Superior Court Rule 10.1 provides that "[o]bjections to the mode and conduct of voir dire must be raised promptly or they will be regarded as waived." See generally *Blankenship v. State*, 258 Ga. 43-44 (2) (365 SE2d 265) (1988) (appellant's failure to object to the court's ruling on whether two jurors were qualified constituted waiver under Rule 10.1). Accordingly, we are precluded from considering this alleged error. See *Ward v. State*, 238 Ga. App. 540, 542-543 (2) (519 SE2d 304) (1999).

Even if we were able to consider Walker's argument, we would not find harmful error. The record reveals that the trial court instructed the jury sufficiently on the presumption of innocence before the start of the trial and again after the close of the evidence. Furthermore, OCGA § 15-12-164 (a) (1) requires the court to ask prospective jurors whether they have, " 'for any reason, formed and expressed any opinion in regard to *the guilt or innocence* of the accused?' " (Emphasis supplied.) In light of the language of the statutorily required question and the court's express instructions in this case, we would not conclude that the trial court's question constituted reversible error.

2. Next, Walker argues that the court improperly allowed the state to place his character into issue by revealing that Maryland was shown a photographic lineup that included Walker's picture. This argument is without merit.

The transcript reveals that the state did not question Maryland at all about a photographic lineup. In fact, it was Walker's counsel who asked Maryland on cross-examination whether he was able to

identify Walker from a lineup. The record does not demonstrate that the state or Walker's counsel ever referred to photographs of the defendant, and none were tendered into evidence. Further, even if the court had allowed evidence of a photographic lineup, we have held that "mere reference to the fact that the defendant's photograph was already in police records does not place the defendant's character in issue." (Citations and punctuation omitted.) *Bolden v. State*, 224 Ga. App. 389 (1) (480 SE2d 395) (1997). Finally, Maryland's testimony about the lineup was favorable to Walker, as Maryland admitted that he was unable to identify Walker.

3. Walker argues that the court erred in permitting the state to introduce evidence that he had a criminal history. He contends that evidence of GCIC information about him improperly placed his character into issue. Significantly, Walker's counsel did not object to the evidence on this ground at trial. The record shows that Investigator Davis testified that he "ran a criminal history on both subjects [Walker and Hendricks]." When the investigator began to testify about the physical description the GCIC provided of Hendricks, Walker's counsel made the following objection: "Your Honor, I am going to object to that as being hearsay. You have got problems with whether or not it is accurate. You have got foundation problems. Where is the report coming from and who is sending it? I mean, we may get into things that are not accurate." The state proceeded to lay a proper foundation, and the trial court overruled Walker's objection. Investigator Davis then testified regarding the physical descriptions of Walker and Hendricks provided by the GCIC. He did not testify about the prior criminal records of either of the men.

For the first time on appeal, Walker contends that the reference to the GCIC information improperly placed his character into issue. It is well settled that "[g]rounds which may be considered on appeal are limited to those which were raised at trial." (Citation and punctuation omitted.) *Shortes v. State*, 193 Ga. App. 859, 860 (2) (389 SE2d 354) (1989). Accord *Vincent v. State*, 210 Ga. App. 6, 7 (2) (435 SE2d 222) (1993), aff'd, 264 Ga. 234 (442 SE2d 748) (1994). "An objection on a specific ground at trial waives any objection to that evidence on other grounds on appeal." *Norman v. State*, 197 Ga. App. 333, 334 (2) (398 SE2d 395) (1990). Accord *Smith v. State*, 222 Ga. App. 366, 368 (3) (a) (474 SE2d 272) (1996). Walker objected on grounds of hearsay and lack of foundation. Accordingly, his argument that the testimony improperly placed his character into evidence has been waived and presents nothing for our review.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 12, 2002.

*Farkas & Ledford, Leonard Farkas*, for appellant.
*Kenneth B. Hodges III, District Attorney, Kenneth A. Dasher, Assistant District Attorney*, for appellee.