### A03A0285. FAULKNER v. THE STATE.
(581 SE2d 365)

PHIPPS, Judge.

After a jury trial, Joel Faulkner was convicted of armed robbery "by use of an article having the appearance of a gun, an offensive weapon." On appeal, he challenges the sufficiency of the evidence. We affirm his conviction.

> On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

Evidence at trial showed that on June 24, 2001, Faulkner entered a tanning salon with a white sock covering his hand. He walked toward an employee who was sitting at the cash register. The employee saw that the sock concealed something shaped like a gun. Faulkner pressed the sock into the employee's back and demanded her to open the register. She testified that something in the sock "felt like . . . a gun," that she believed a gun was pressed against her back, and that she was afraid. She complied with Faulkner's demand. Faulkner grabbed money from the register and then fled in his truck. The employee immediately reported the incident to police.

A responding officer stopped Faulkner's truck and found therein a sock that contained a "steel chisel." Faulkner admitted to police that he had committed the robbery at the tanning salon, explaining that, instead of using a gun, he had used a "pipe" covered by a sock to "make it look like a gun." The sock and chisel were seized and entered into evidence at trial, where the prosecutor pressed the chisel covered by the sock against the victim's back, and she testified

---

[1] (Citations omitted.) *Walker v. State*, 258 Ga. App. 333 (574 SE2d 400) (2002).

that it felt like what Faulkner had pressed against her back during the robbery.

At trial, Faulkner admitted that he had covered his hand with a sock, entered the tanning salon to take money, and approached the employee. He denied, however, that he had touched her or that he had anything in the sock.

Citing his trial testimony, Faulkner contends that the evidence was insufficient to sustain a conviction for armed robbery because there was no evidence of a weapon and no evidence that the victim's apprehension was reasonable. A person commits armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another "by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon."[2] The presence of an offensive weapon or an article having the appearance of one may be established by circumstantial evidence, and a conviction for armed robbery may be sustained even though the weapon or article used was neither seen nor accurately described by the victim.[3] What is required is "[s]ome physical manifestation of a weapon" or "some evidence from which the presence of a weapon may be inferred."[4] Furthermore, the test is "whether the defendant's acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used, regardless of whether the victim actually saw the weapon."[5]

Although Faulkner may not have displayed a gun to the tanning salon employee, the evidence authorized a finding that he used an article that had the appearance of a gun to persuade her to comply with his demand and that his acts created a reasonable apprehension on her part that he was threatening her with a gun.[6] Accordingly, the evidence was sufficient to support Faulkner's conviction for armed robbery under the standard set forth in *Jackson v. Virginia*.[7]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

---

[2] OCGA § 16-8-41 (a).

[3] *White v. State*, 258 Ga. App. 546, 547 (1) (574 SE2d 629) (2002); *Prins v. State*, 246 Ga. App. 585, 586 (1) (539 SE2d 236) (2000); *McCluskey v. State*, 211 Ga. App. 205, 207 (2) (438 SE2d 679) (1993).

[4] *White*, supra; see also *Prins*, supra; *McCluskey*, supra.

[5] (Citation and punctuation omitted.) *Prins*, supra; see also *White*, supra at 547-548; *Moody v. State*, 258 Ga. 818, 820 (1) (375 SE2d 30) (1989) (it is immaterial whether the victim's apprehension is created by use of the sense of vision or by any other sense, so long as the apprehension is reasonable under the circumstances).

[6] See *White*, supra; *Colkitt v. State*, 251 Ga. App. 749, 751 (1) (555 SE2d 121) (2001); *Prins*, supra at 587; *Maddox v. State*, 238 Ga. App. 598 (1) (521 SE2d 581) (1999) (threatening to shoot a victim while keeping a hand concealed shows the weapon element of armed robbery); *McCluskey*, supra at 207-208.

[7] Supra.

DECIDED APRIL 9, 2003.

*Lloyd J. Matthews*, for appellant.
*Tommy K. Floyd, District Attorney, Sandra G. Rivers, Assistant District Attorney*, for appellee.