A03A2135. MARTIN v. THE STATE.

(592 SE2d 483)

ANDREWS, Presiding Judge.

Having been granted an out-of-time appeal, Walter Dale Martin appeals from the trial court's denial of his motion for new trial, following his conviction by a jury of three counts of robbery by intimidation, one count of armed robbery, and one count of possession of cocaine. Martin contends that the evidence of armed robbery was insufficient because there was no evidence that a weapon was used.

> On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation omitted.) *Walker v. State*, 258 Ga. App. 333 (574 SE2d 400) (2002).

So viewed, the evidence on Count 1 was that, on the afternoon of December 18, 1999, Martin entered the Circle K store on Buford Highway and asked clerk Payne for a pack of cigarettes. When Payne got the cigarettes and was in front of the cash register, Martin told him to give him the money from the register. Martin "had his hand in his left coat pocket and it looked like a gun." Payne gave him the money "[b]ecause he said give me your money and it looked like he had a gun. . . ." Payne had trouble getting the cash register open because he was so nervous. Although Martin did not verbally threaten to shoot, kill, or harm Payne, Payne gave him the money because "he indicated he had a gun and I was instructed to hand over the money when I'm confronted like that."

Also that day, around 7:00 p.m., Martin went into the Texaco Food Mart #1 in Norcross and asked the cashier what he had in the register. Martin then grabbed about $70 from the drawer. (Count 2.)

Around 4:00 p.m., Martin entered the Texaco Food Mart #1040 on Beaver Ruin Road with his hand in his pocket and asked for all the money. The cashier said it looked like Martin had a gun, but it could have been his finger. The cashier turned over the money. (Count 3.) Around 5:00 p.m., Martin went into the Crown Swifty Mart #516 on Jimmy Carter Boulevard, asked for a beer, and told the clerk to open the register. He was given the cash. (Count 4.) On these counts, the jury found Martin guilty of the lesser included offense of robbery by intimidation. No argument regarding these charges is made here.

Martin was charged, in Count 1, with armed robbery,

> in that the said accused . . . , on the 18th day of December, 1999, did then and there unlawfully with intent to commit theft, take United States currency, the property of Circle K Store #8469, from the person of Barry Payne, *by use of an article having the appearance of an offensive weapon, to wit: his hand placed in his pocket in such a manner as to create the impression that he had concealed therein a handgun. . . .*

(Emphasis supplied.)

Martin argues, based on *Haugland v. State*, 253 Ga. App. 423, 425 (2) (560 SE2d 50) (2002), and *Wright v. State*, 228 Ga. App. 779 (1) (492 SE2d 680) (1997), that hands do not constitute an offensive weapon and, therefore, he could not be convicted of armed robbery on Count 1. While these cases do hold, respectively, that hands are not an offensive weapon which is required to be used to commit hijacking and armed robbery, that is not what occurred here.

Both those cases involved victims being struck with hands and feet (*Wright*) or physically pulled from a car and thrown to the ground (*Haugland*). No threat of use of a weapon was made nor was the use of one perceived by the victims. Martin's case is controlled, instead, by *Faulkner v. State*, 260 Ga. App. 794 (581 SE2d 365) (2003), in which it was held that,

> [a] person commits armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another "by use of an offensive weapon, *or any replica, article, or device having the appearance of such weapon.*" [OCGA § 16-8-41 (a).] The presence of an offensive weapon or an article having the appearance of one may be established by circumstantial evidence, and a conviction for armed robbery may be sustained even though the weapon or article used was neither seen nor accurately described by the victim. What is required is

"some physical manifestation of a weapon" or "some evidence from which the presence of a weapon may be inferred." Furthermore, the test is "whether the defendant's acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used, regardless of whether the victim actually saw the weapon."

(Footnotes omitted; emphasis supplied.) Id. at 795. See also *Moody v. State*, 258 Ga. 818, 820 (1) (375 SE2d 30) (1989); *Colkitt v. State*, 251 Ga. App. 749, 750-751 (1) (555 SE2d 121) (2001).

As set out above, with regard to Count 1, Payne perceived that Martin had a gun and the evidence of armed robbery was legally sufficient. *Faulkner*, supra.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED DECEMBER 17, 2003.

*Stuckey & Manheimer, Stephanie S. Benfield*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.