## A05A0300. CLARK v. THE STATE.
### (610 SE2d 165)

BARNES, Judge.

Quitman Clark appeals his conviction for aggravated assault, enumerating five errors. He contends that (1) the evidence was insufficient; (2) the trial court erred in excluding a defense witness; (3) the trial court erred in forcing him to choose whether to continue the case or try it without his witness; (4) his counsel was ineffective; and (5) the court's *Allen* charge was unduly coercive. For the reasons that follow, we affirm his conviction.

1. We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Viewed in that light, the evidence at trial established that Clark approached a fast food manager in the restaurant parking lot, demanded money at gunpoint, and shot the man in a struggle. The manager had just locked his car, into which he had placed a paper bag containing the store's cash for a bank deposit. Both the victim and the victim's wife testified about the incident and identified Clark as the armed assailant who shot the manager while attempting to rob him. Because the evidence of Clark's guilt was overwhelming, it was sufficient for a rational trier of fact to find him guilty beyond a reasonable doubt of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Clark contends that the trial court abused its discretion by excluding a witness's testimony after finding that Clark failed to file his witness list within five days before trial. Actually, what the trial court found was that Clark failed to disclose the witness's *written statement* to the State in sufficient time, which under OCGA § 17-16-7 is within ten days of trial. Clark also argues that the trial court abused its discretion by making the defendant himself choose whether to waive his speedy trial demand and try the case later after the State had investigated his witness or to proceed to trial without his witness.

Clark opted into reciprocal discovery under Georgia's Criminal Procedure Discovery Act, OCGA § 17-16-1 et seq., and was required under that act to furnish the prosecution with names, current locations, dates of birth, and telephone numbers of the defense witnesses. OCGA § 17-16-8 (a). Further, the parties to reciprocal discovery have the affirmative duty to attempt to acquire the information required by the statute. They "may not rest solely on the fact that it is not within their possession." *State v. Dickerson*, 273 Ga. 408, 410 (1) (542 SE2d 487) (2001). Finally, OCGA § 17-16-7 provides that the prosecution or the defendant shall produce for the opposing party within ten days of trial any statement of any witness that is in the possession, custody, or control of the State or the defendant that relates to the witness's testimony.

Clark filed a list of four witnesses on March 26, 2003, including each witness's name, address, and telephone number, but no date of birth. He also filed a statement from witness Orr on Friday, March 28, 2003. The trial was specially set to begin on April 2, 2003.

Before the trial began, Clark asked the trial court to find that the State could not ask witness Orr about her testimony as an alibi witness in another, unrelated case. The State said she did not know what the witness's testimony would be in this case, and had been unable to check her record. The court suggested the State make inquiry of her, and Clark gave the State the witness's date of birth and misdemeanor record. The witness gave the State her Social Security number, and after direction from Clark's counsel, spoke with the State in the hall. The parties and the State then began discussing when the statement was filed. The State said,

> You know, I wouldn't have a problem with . . . with this if she were more cooperative or forthcoming. But she gets out in the [h]all and she has this like attitude and she says, I don't remember, I don't remember, I don't remember. I'm . . . yeah, we're going to put her up here and I'm just going to get . . . I'm going to get sandbagged is what's going to happen. And I don't like being sandbagged. . . .

The court then noted that the defense was required to give the State more notice in advance of the trial of a witness's statement. Excluding Saturday and Sunday under OCGA § 1-3-1 (d) (3), the defense gave the State only three days' notice of the witness's statement. Because (1) the notice was given three days before trial, (2) the State made a sufficient showing that it would be prejudiced by allowing the witness to testify because it had no time to verify the allegations in her statement, and (3) Clark showed bad faith by

waiting so late to deliver the statement, made four months before, to the State, the trial court held that the witness's testimony should be excluded.

In the ensuing lengthy colloquy, the trial court and counsel discussed whether to continue the case. The State did not want it continued, because the case had been specially set to accommodate Clark's speedy trial demand and its witnesses were waiting to testify. While Clark's counsel initially agreed to waive his speedy trial demand and continue the case, Clark himself then specifically declined to waive his speedy trial demand and wanted to proceed immediately. The case then proceeded to trial without defense witness Orr.

Clark argues first that the trial court abused its discretion in excluding the witness because he properly filed the witness's statement five days before trial. We need not decide whether the five days' notice includes weekends or not, because OCGA § 17-16-7 requires ten days' notice, which Clark clearly did not give. Further, Clark did not include the witness's date of birth in his list of witnesses, as required by OCGA § 17-16-8 (a), and the State was thus unable to investigate the witness's criminal record, if any.

OCGA § 17-16-6 describes the remedies the trial court may impose for the defendant's failure to comply with discovery requirements as follows:

> [T]he court may order the [defendant] to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the [defendant] from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances.

"In enacting this statute, the legislature did not impose a rigid formulation or grant an exclusive remedy for [the State] or a fatal consequence to the [defendant] for failure to comply with the discovery mandates. Instead, it cloaked the trial court with the discretion to use its own judgment to ensure a fair trial." *Blankenship v. State*, 229 Ga. App. 793, 794 (494 SE2d 758) (1997).

In this case, the trial court offered Clark two options: he could go forward without witness Orr or he could waive his speedy trial demand and continue the case to another calendar. Clark himself, not his attorney, chose to proceed with his case without his witness. In light of the facts of this particular case and the overwhelming evidence against Clark, the trial court did not err in excluding the defense witness's testimony or in offering the defendant a choice of options in light of the discovery error.

3. Clark contends his lawyer was ineffective because he failed to give adequate notice to the State and the defense witness was excluded; failed to advise him adequately about his option to proceed with trial or not; and failed to present material medical evidence.

> In order to establish a claim of ineffective assistance of counsel, the appellant must show both that counsel's performance was deficient and that a reasonable probability exists that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984).

*Davis v. State*, 221 Ga. App. 131, 133 (3) (470 SE2d 520) (1996).

While trial counsel admitted at the hearing on Clark's motion for new trial that he had missed the deadline in filing the witness's statement, thus making a prima facie case for deficient performance, no evidence exists that the result of the proceeding would have been different otherwise. The trial court offered Clark the option to continue that case, which would have given the State time to investigate the witness, whose testimony would thus be admissible when the case was tried. Clark himself chose to proceed with the trial without his witness, and he cannot now argue that the State should have requested the continuance instead of him. He was given a chance to continue the case, and chose not to do so. Thus the trial court did not err in holding that Clark's trial counsel was not ineffective.

Clark also contends that his trial counsel failed to advise him adequately about his options to go to trial immediately without the witness or go to trial later with the witness. Our review of the record reveals that the parties and the court discussed the subject of this witness for more than 60 transcript pages, and that the trial court clearly outlined Clark's options more than once. He may now regret his decision to go forward without his witness, but his lawyer was not ineffective for failing to talk him out of making that decision.

Finally, Clark contends that his trial counsel was ineffective because he failed to present material medical testimony, regarding Clark's previous injuries from a gunfight, and his hospital stay less than a month before this incident. While his medical records were not introduced into evidence, he and his mother testified about his injuries. Pretermitting whether his records would have been admissible even if the hospital records custodian had been available, Clark has not shown that the result of the trial would have been different had they been admitted.

4. Clark contends that the trial court's *Allen* charge to the jury after they announced they were deadlocked was unduly coercive,

because it advised the jurors to put aside their "private opinions" rather than their "pride of opinion," as the standard charge provides. More than a year after this case was tried, the Supreme Court of Georgia held that, "when giving an *Allen* charge to a deadlocked jury, trial courts in this state should no longer include language stating that the case 'must be decided by some jury.'" *Burchette v. State*, 278 Ga. 1, 3 (596 SE2d 162) (2004). The Court also concluded, however, that the charge as a whole was not unduly coercive "because the 'must-be-decided' language constituted but one small portion of an otherwise balanced and fair *Allen* charge." Id. The Court also looked at the length of time the jury deliberated before and after the trial court gave the charge, and noted that the jurors were polled afterward and all confirmed their verdict.

In this case, the jurors deliberated for two hours before they announced they deadlocked, then returned to deliberate another hour and twenty minutes before the trial court gave them the *Allen* charge. Afterward, the jury deliberated another hour and a half before they announced their verdict of guilty on the aggravated assault charge, and not guilty on a charge of firearms possession while committing a crime. When polled, all jurors affirmed the verdict. In these circumstances, we conclude that the *Allen* charge was not unduly coercive. Further, the trial court's use of the word "private" rather than "pride" in describing the opinion to be set aside was a mere slip of the tongue that does not invalidate the entire charge. "A mere verbal inaccuracy resulting from a slip of the tongue which does not clearly mislead or confuse the jury is not reversible error." *Matthews v. State*, 268 Ga. 798, 805 (7) (c) (493 SE2d 136) (1997).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED FEBRUARY 8, 2005 — 

*Martin G. Hilliard*, for appellant.
*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney*, for appellee.