## A05A0546. MARLIN v. THE STATE.
(616 SE2d 176)

RUFFIN, Chief Judge.

A Tift County jury convicted Eugene Marlin of armed robbery. The trial court denied Marlin's motion for a new trial. Marlin appeals, contending that his attorney was ineffective and that there was insufficient evidence to support his conviction. For the reasons that follow, we affirm.

On appeal, we view the evidence in a light most favorable to the jury's verdict, and the defendant no longer enjoys a presumption of innocence.[1] "We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions."[2] Accordingly, the evidence shows that on December 17, 2001, Marlin entered the South Georgia Bank in Tifton and approached teller Dawn Marchant. He showed Marchant a note which said "stay calm, I have a gun. I will shoot you. Give me all your fifties and hundreds or I'll shoot everybody in here." Marlin had a hand under his shirt, and Marchant believed he had a gun. She gave him all the fifties and hundreds she had, because she thought he

---

[1] See *Clark v. State*, 271 Ga. App. 534 (1) (610 SE2d 165) (2005).
[2] Id.

would shoot if she did not. These events were captured on the bank's surveillance cameras, and the footage was shown to the jury. Marchant and another teller identified Marlin as the perpetrator in a lineup and at trial.

Marlin fled in a Mercury Marquis, which was subsequently recovered by police. Fingerprints taken from the bank and the car matched Marlin's fingerprints. After his arrest, Marlin's mother came to the police station, and Marlin asked her to retrieve some clothing from his car. A detective went with her, and saw amongst the clothing a t-shirt similar to the one worn in the robbery. He obtained a search warrant and retrieved the t-shirt, which was gray with a picture of Mark Twain smoking a cigarette. Marlin's sister-in-law testified she had given him the shirt, and it was the same as the one worn by the perpetrator in the surveillance pictures from the bank. A search of Marlin's residence produced other items similar to ones worn by the perpetrator during the robbery.

1. Marlin argues that his attorney was ineffective because she did not file a demurrer to the indictment to require a more definite description of the money Marlin allegedly stole, and because she did not interview the victim. To succeed on his claim for ineffective assistance of counsel, Marlin "must prove that counsel's performance was deficient and that the deficient performance so prejudiced [him] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[3]

The indictment charged Marlin with taking "United States Currency [which is] the property of South Georgia Bank, from the immediate presence of [Marchant]." Marlin contends that this description was not specific enough, and, therefore, counsel should have filed a demurrer to the indictment seeking to have it dismissed or amended. He asserts that her failure to do so was ineffective assistance of counsel, which warrants reversal of his conviction. We disagree.

A demurrer, even if filed by counsel, would not have been granted, because the indictment sufficiently described what was stolen.[4] When theft is alleged,

> the description of the stolen property should be simply such as, in connection with the other allegations, will affirmatively show the accused to be guilty, will reasonably inform him of the transaction charged, and will put him in a position to make the needful preparations for his defense. It is not

---

[3] *Davis v. State*, 267 Ga. App. 245, 245-246 (1) (599 SE2d 237) (2004).

[4] See *Martin v. State*, 179 Ga. App. 551, 552 (2) (347 SE2d 247) (1986).

essential to a charge ... that the indictment do more than inform the accused generally of the items which it is contended were taken.[5]

The indictment here was detailed enough for Marlin to understand what he was alleged to have taken, and from whom.[6] Thus, Marlin cannot have been prejudiced by counsel's failure to file a demurrer which would have been denied.[7]

Marlin also alleges that he was prejudiced by counsel's failure to interview Marchant. He does not explain, however, how such an interview would have aided his defense.[8] Accordingly, he has failed to establish prejudice.[9] Moreover, given the overwhelming evidence of his guilt, there is no reasonable probability that counsel's interviewing Marchant would have changed the outcome of the trial.[10] We therefore affirm the trial court's denial of Marlin's claim of ineffective assistance of counsel.

2. Marlin contends that the evidence at trial was insufficient to convict him of armed robbery, because no gun was introduced and the only evidence that he had a weapon was the testimony of Marchant. Marchant testified that when Marlin approached her, he had his hand under his shirt and she believed he had a gun. Furthermore, Marlin handed her a note in which he claimed to have a gun. However, Marchant admittedly never saw a gun.

A person commits armed robbery when "with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or *any replica, article or device having the appearance of such weapon.*"[11] Circumstantial evidence is sufficient to establish the use of a weapon or device appearing to be a weapon, "and a conviction for armed robbery may be sustained even though the weapon or article used was neither seen nor accurately described by the victim."[12] The victim need not see the weapon, so long as he or she "had a reasonable apprehension that an offensive weapon was used."[13]

---

[5] (Citations and punctuation omitted.) Id.

[6] See *McKisic v. State,* 238 Ga. 644, 644-645 (1) (234 SE2d 908) (1977); *Wages v. State,* 165 Ga. App. 587, 589 (4) (302 SE2d 112) (1983).

[7] See *Freeman v. State,* 278 Ga. 349, 351-352 (2) (c) (603 SE2d 214) (2004) (failure to make a meritless motion does not prejudice defendant).

[8] See *Vanholten v. State,* 271 Ga. App. 782, 783 (2) (b) (610 SE2d 555) (2005).

[9] See id.

[10] See *Mosier v. State,* 218 Ga. App. 586, 590 (5) (a) (462 SE2d 643) (1995).

[11] (Emphasis supplied.) OCGA § 16-8-41 (a).

[12] *Faulkner v. State,* 260 Ga. App. 794, 795 (581 SE2d 365) (2003).

[13] *Smith v. State,* 209 Ga. App. 540, 541 (2) (433 SE2d 694) (1993).

We have found that a defendant's concealed hand, if perceived by the victim to be a gun, is sufficient to support a conviction for armed robbery.[14] In *Prins v. State*,[15] we affirmed the defendant's conviction for armed robbery when he handed a bank teller a note stating he had a gun, and the teller could not see his right hand because he kept it under the counter.[16] Photographs from the bank's surveillance cameras confirmed that one of the defendant's hands was not visible to the victim.[17] Similarly, Marchant testified that Marlin handed her a note stating he had a gun and would shoot. One of his hands was concealed, and she believed he had a gun. The jury viewed surveillance video of these events. This was sufficient circumstantial evidence for the jury to conclude that Marchant reasonably believed Marlin had a gun.[18] Because all the elements of the crime were proven, we affirm Marlin's conviction for armed robbery.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JUNE 22, 2005.

*Lon P. Kemeness*, for appellant.
*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney*, for appellee.

---

[14] See id.; *Martin v. State*, 264 Ga. App. 813, 814-815 (592 SE2d 483) (2003).
[15] 246 Ga. App. 585 (539 SE2d 236) (2000).
[16] See id. at 586-587 (1).
[17] See id.
[18] See id.