A05A1936. FORDE v. THE STATE.
(626 SE2d 606)

BERNES, Judge.

A Douglas County jury found appellant Craig Forde guilty of armed robbery. Forde appeals, contending that the evidence is insufficient to support his conviction and that the trial court erred in excepting the lead detective from the rule of sequestration. Finding no error, we affirm.

> On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citations omitted.) *Walker v. State*, 258 Ga. App. 333 (574 SE2d 400) (2002).

So viewed, the evidence shows that on the afternoon of March 31, 2003, Forde entered the Payless Shoe Store at the Walmart Shopping Center in Douglasville. Forde went to the cash register and placed a pair of Cross-Trekker tennis shoes on the counter. As the store manager was ringing up the shoes for the transaction, Forde leaned forward and whispered to the manager that she was being robbed and told her to follow his instructions. Forde told the manager that he had a gun and that if she triggered any alarms, he would "blow [her] head off." The manager saw a bulge where Forde's hand was concealed underneath the waistband of his pants and this fact, as well as Forde's threat, led the manager to believe that Forde had a gun.

When Forde told the manager to put the money in the shoebox, she complied and placed over $100 in bills in the shoebox. In order to avoid alarming customers in the store, the manager acted as if she were completing a sales transaction; she placed the shoebox in a shopping bag and gave Forde a receipt. Forde walked out of the store, and the manager then called 911 as she watched Forde drive away in a minivan.

A lookout based on the manager's description of Forde and his vehicle was broadcast over police radio channels. Within minutes, a police officer spotted and stopped Forde, who was driving the minivan. Police discovered the Payless Shoe Store bag and the shoebox containing the tennis shoes and cash in the front seat of the minivan. The store manager positively identified Forde as the perpetrator shortly after his apprehension and again at trial.

1. "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). Forde contends that the evidence was insufficient to show the use of an offensive weapon or article having the appearance of an offensive weapon. We disagree.

> The presence of an offensive weapon or an article having the appearance of one may be established by circumstantial evidence, and a conviction for armed robbery may be sustained even though the weapon or article used was neither seen nor accurately described by the victim. What is required is some physical manifestation of a weapon or some

evidence from which the presence of a weapon may be inferred. Furthermore, the test is whether the defendant's acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used, regardless of whether the victim actually saw the weapon.

(Punctuation and footnotes omitted.) *Faulkner v. State*, 260 Ga. App. 794, 795 (581 SE2d 365) (2003).

Here, the manager demonstrated for the jury the manner in which Forde held his hand down in his pants waistband. She testified that she observed "a bulge down there" and believed Forde had a gun. Given the manager's observations, Forde's claim to have a gun and his threat to "blow [her] head off," the jury was authorized to conclude that the victim reasonably apprehended that an offensive weapon was being used during the robbery. See *Martin v. State*, 264 Ga. App. 813, 814-815 (592 SE2d 483) (2003); *Prins v. State*, 246 Ga. App. 585, 587 (1) (539 SE2d 236) (2000); *Smith v. State*, 209 Ga. App. 540, 541-542 (2) (433 SE2d 694) (1993).[1] Construing the evidence in the light most favorable to the verdict, any rational trier of fact could have found Forde guilty beyond a reasonable doubt of armed robbery. *Jackson v. Virginia*, 443 U. S. 307.

2. Forde also contends that the trial court abused its discretion in permitting the State's lead detective to remain in the courtroom after the rule of sequestration had been invoked. Forde made no objection at trial to the detective's presence in the courtroom and has thus waived the instant claim of error on appeal. *Hood v. State*, 266 Ga. 662, 663 (2) (470 SE2d 235) (1996); *Cheesman v. State*, 230 Ga. App. 525, 526-527 (3) (a) (497 SE2d 40) (1998).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JANUARY 27, 2006.

*Mary Erickson*, for appellant.
*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney*, for appellee.

---

[1] Compare *Tate v. State*, 191 Ga. App. 727, 728 (2) (382 SE2d 688) (1989) (evidence that defendant approached victim with his hand in his pocket, without more, was insufficient upon which to infer the presence of a weapon).