## A10A1411. GONZALEZ v. THE STATE.
### (703 SE2d 433)

ELLINGTON, Judge.

A Gwinnett County jury found Byron Gonzalez guilty beyond a reasonable doubt of armed robbery by use of a device having the appearance of an offensive weapon, OCGA § 16-8-41 (a). He appeals from the denial of his motion for new trial, contending that the trial court gave a jury charge that was not supported by the evidence, resulting in plain error. He also complains that he received ineffective assistance of counsel. For the following reasons, we reverse Gonzalez's conviction and remand this case to the trial court for a new trial.

Viewed in the light most favorable to the jury's verdict,[1] the evidence at trial showed that, in the early morning hours of February 2, 2008, a man ("the victim") was walking through a subdivision in Lawrenceville when another man ("the assailant") approached him. The assailant blocked the victim's path and told the victim that he was looking for an apartment because he was going to kill someone. When the victim said that he was not from the area, the assailant grabbed him by the back of his belt and told him to start walking. As the assailant walked behind the victim, he told the victim that he had a gun and that he was going to kill him if the victim kept talking. The assailant took the victim behind a building where it was very dark, let go of the victim's belt, and told the victim that this was a robbery and that he wanted the victim's wallet. The victim gave the assailant his wallet, and the assailant took cash from it before throwing it to the ground. It is undisputed that, throughout the encounter, the assailant kept his right hand behind his back — the victim never saw the assailant's right hand or any weapon.

The victim picked up his wallet and started running toward a nearby gas station while calling 911 on his cell phone.[2] The victim reported that the assailant had stolen three $100 bills from him and

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[2] The State played a recording of the 911 call for the jurors.

was wearing a white jacket with a hood covering his face. The victim flagged down a taxi and, while talking on his phone and riding through the area, the victim saw the assailant walking down a street and alerted the taxi driver and the police. The taxi driver told the police that the man the victim had identified as the assailant had a beard and was wearing a hooded sweat shirt and sweat pants. The police apprehended Gonzalez a short time later. Gonzalez was wearing a black coat and dark colored jeans. The police called the victim and told him to come and see if Gonzalez was the man who had robbed him; the victim then identified Gonzalez as the assailant. During a search incident to arrest, the police found two $100 bills in Gonzalez's possession. Police officers searched the area where the victim had been robbed but did not find a white jacket or a gun.

In addition to this evidence, the record shows that the victim originally told the police officers that the assailant had taken three $100 bills from his wallet, but then testified at trial that the assailant had only taken two $100 bills and that he had forgotten that he had left some money at home. Further, when the victim testified that he could not remember what time he had left home, what time he had arrived at the subdivision, or what time he had been robbed, he explained that, "since I had drank three beers [that night], I don't remember very well." Finally, as shown above, the victim's description of the assailant's clothing to the taxi driver, to the police during the 911 call, and, ultimately, to the jury during trial, as well as the taxi driver's description of the man she saw, varied significantly from the clothes Gonzalez was wearing when he was arrested.

At the close of the State's evidence, Gonzalez moved for a directed verdict, arguing to the court that there was no evidence that the assailant had a "device" that appeared to be an offensive weapon, nor was there any evidence that the victim saw anything under the assailant's jacket — such as a toy gun, a pipe, his hand, etc. — that would appear to be a handgun. Ultimately, based upon conflicts in the evidence, especially evidence regarding what the assailant and Gonzalez were wearing on the night of the assault, Gonzalez's counsel argued to the jury that Gonzalez was not the assailant and that this was a case of mistaken identity.

1. On appeal, Gonzalez contends that the trial court erred when it gave a jury charge that suggested facts which were not supported by evidence, thereby violating OCGA § 17-8-57 and entitling him to a new trial. Specifically, Gonzalez argues that the evidence presented at trial consistently showed that, throughout the assault, the assailant had his right hand behind his back where the victim never saw it. Gonzalez contends that, as a result, there was no evidence to support the court's jury instruction telling the jury that they could infer the alleged assailant's use of "a device having the appearance of

an offensive weapon" from evidence that there was "a hand being held underneath the alleged assailant's shirt."[3] According to Gonzalez, the court's instruction "incorrectly and impermissibly assumed certain facts not introduced at trial" and, thus, "expressed an opinion concerning the evidence in violation of OCGA § 17-8-57." We agree.

Under OCGA § 17-8-57, "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."

> In order to determine whether a trial court has improperly expressed an opinion in its charge as to what has or has not been proved, the whole charge may be considered. OCGA § 17-8-57 is only violated when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be.

(Citations omitted.) *Mullinax v. State*, 255 Ga. 442, 445 (4) (339 SE2d 704) (1986). See *State v. Gardner*, 286 Ga. 633, 634-635 (690

---

[3] The record in this case shows that the court charged the jury as follows:
A person commits armed robbery when, with the intent to commit theft, that person takes property of another, from the person of another, by the use of an offensive weapon or a device having the appearance of such a weapon. An offensive weapon is any object, device or instrument that, when used offensively against a person, is likely to or gives the appearance of being likely to or actually does result in death or serious bodily injury. The character of a weapon may be established by direct or circumstantial evidence. Further, *a hand being held underneath the alleged assailant's shirt* may constitute a device having the appearance of an offensive weapon if the victim reasonably believes such is an offensive weapon. The test is whether the defendant's alleged acts created a reasonable apprehension on the part of the alleged victim that an offensive weapon was being used, regardless of whether the victim actually saw the alleged weapon.
(Emphasis supplied.) See *Joyner v. State*, 278 Ga. App. 60, 60-61 (628 SE2d 186) (2006) (This Court affirmed the defendant's conviction for armed robbery through the use of an article having the appearance of an offensive weapon when the evidence showed that, during the robbery, he had his hand inside his jacket in a way that it looked like he was holding a gun. This Court held that a conviction for armed robbery may be established by circumstantial evidence and "may be sustained even though the weapon or article used was neither seen nor accurately described by the victim. What is required is some physical manifestation of a weapon or some evidence from which the presence of a weapon may be inferred." (citation and punctuation omitted); see also *Forde v. State*, 277 Ga. App. 410, 412 (1) (626 SE2d 606) (2006) (accord); *Marlin v. State*, 273 Ga. App. 856, 858-859 (2) (616 SE2d 176) (2005) (accord); *Martin v. State*, 264 Ga. App. 813, 814 (592 SE2d 483) (2003) (accord); *Smith v. State*, 209 Ga. App. 540, 541 (433 SE2d 694) (1993) (accord); but cf. *Tate v. State*, 191 Ga. App. 727, 728 (2) (382 SE2d 688) (1989) (Evidence that the defendant approached the victim with his hand in his jacket pocket was insufficient evidence from which the jury could infer the presence of a weapon because there was no evidence that the defendant's hand was in a position that it looked like a pistol, that it appeared that the defendant had anything in his pocket besides his hand, or that the defendant said anything to suggest he was holding a weapon. Therefore, the evidence did not support a conviction for criminal attempt to commit an armed robbery.).

SE2d 164) (2010) ("[I]n order to violate OCGA § 17-8-57, the trial court's comments must pertain to a disputed issue of fact.") (citations omitted).

> [A] violation of OCGA § 17-8-57 will *always* constitute "plain error," meaning that the failure to object at trial will not waive the issue on appeal.[4] On appeal, the issue is simply whether there was such a violation. If so, it is well established that the statutory language is mandatory and that a violation of OCGA § 17-8-57 requires a new trial.

(Citations and punctuation omitted; emphasis in original.) Id. at 634. See OCGA § 17-8-57 ("Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give."); *Chumley v. State*, 282 Ga. 855, 858 (2) (655 SE2d 813) (2008) ("It is the duty of [the appellate court] to grant a new trial when [a violation of OCGA § 17-8-57] is committed, whether, in its opinion, substantial justice has or has not been done by the verdict. Such an error renders the grant of a new trial imperative, without reference to the correctness of the verdict.") (citation and punctuation omitted).

We conclude that the trial court's jury charge in this case suggested facts that were not supported by any evidence, specifically, that the assailant held his hand underneath his shirt during the robbery. Therefore, the erroneous charge was an impermissible comment on the evidence in violation of OCGA § 17-8-57, and, consequently, constituted plain error. See *Stephens v. State*, 245 Ga. App. 823, 825-826 (4) (538 SE2d 882) (2000) (finding an instruction that "juries are not bound to believe testimony as to facts incredible, impossible, or inherently improbable" to be an impermissible comment on the evidence where that characterization could not be placed on the defendant's testimony) (citation omitted). Accordingly, we reverse Gonzalez's conviction and remand this case to the trial court for a new trial. OCGA § 17-8-57; *State v. Gardner*, 286 Ga. at 634-635.

2. Due to our decision in Division 1, supra, Gonzalez's claim of ineffective assistance of counsel is moot.

*Judgment reversed and case remanded. Andrews, P. J., and Doyle, J., concur.*

---

[4] "The 'plain error' rule does not establish a different standard for determining the reversibility of an error, but instead allows a criminal defendant to avoid the penalty of waiver, by permitting appellate review of assertions of error raised for the first time on appeal where the asserted error affects substantive rights." (Citation and punctuation omitted.) *Chumley v. State*, 282 Ga. 855, 858 (2) (655 SE2d 813) (2008).

DECIDED NOVEMBER 22, 2010.

*Maryann F. Blend*, for appellant.

*Daniel J. Porter, District Attorney, Latysha M. Saunders, Assistant District Attorney*, for appellee.