S06A1922. YOUNG v. THE STATE.
(642 SE2d 806)

HINES, Justice.

This Court granted Kareem Kenyatta Young's ("Young") application for interlocutory appeal of the trial court's ruling that the State could introduce evidence of a prior act at his trial. Finding that even though the trial court misapplied this Court's precedent in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), it nonetheless reached the correct result, we affirm.

As this is an interlocutory appeal, the record is not completely

---

developed. But, according to the State's proffer of evidence, Arkeem Young ("Arkeem") was shot and killed outside his home on July 20, 2005. Young, Arkeem's cousin, called 911 and reported that Arkeem had been shot from a passing vehicle. However, physical evidence was inconsistent with his version of the event, and a handgun matching the shell casing found at the scene was linked to Young. He was ultimately indicted for malice murder and other charges arising from Arkeem's death. The State filed a notice of its intent to present evidence of an independent transaction, see USCR 31.3, specifically the felony murder of Antonio Spurgeon.

Spurgeon was shot and killed during an armed robbery at a convenience store on December 22, 2004. At first, the investigating officers believed Young to be a witness to this event, but he eventually became a suspect in the shooting of Spurgeon. Nonetheless, on June 22, 2005, the grand jury returned a "no bill" against Young concerning this event. After the return of the "no bill," the handgun connected to Young in Arkeem's shooting was also shown to have been used in the Spurgeon shooting. The State then, in connection with the proffer of evidence for its USCR 31.3 motion, contended, among other things, that Young's involvement in the Spurgeon shooting shed light on his motive for shooting Arkeem, that is, that Young had determined that Arkeem's knowledge of Young's involvement in the Spurgeon shooting put him in jeopardy of Arkeem "turning snitch" on Young.

In addressing the State's USCR 31.3 motion, the trial court recognized that this Court in *Williams*, supra at 642 (2) (b), outlined the manner in which evidence of an independent act is to be evaluated for admissibility under this Superior Court Rule. The trial court found that the State's proffered evidence did not satisfy the requirements of *Williams*, but that evidence of the Spurgeon shooting could nonetheless be introduced as evidence of Young's motive for killing Arkeem. See *Cummings v. State*, 273 Ga. 547, 548 (2) (544 SE2d 429) (2001). But, in its analysis, the trial court misapplied *Williams*.

*Williams* recognized that, generally, the character of the accused is not admissible at trial, and hence evidence of an independent crime is usually not admissible, unless there is a logical connection between the prior act and the crime for which the defendant is being tried. *Williams*, supra at 641 (2) (a). *Williams* also set forth procedures for courts to follow in conducting hearings under USCR 31.3. Thus,

[i]n order for evidence of independent offenses or acts to be admitted into evidence under *Williams*, a hearing must be held where the state must make three affirmative showings with respect to each independent offense to be introduced: (1) the evidence must be admitted for a proper purpose; (2) there must be sufficient evidence to establish the accused

committed the independent act; and (3) there must be a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. *Williams*, supra.

*Gardner v. State*, 273 Ga. 809, 810 (2) (546 SE2d 490) (2001).

The trial court addressed the required *Williams* showings, and determined that the State had properly shown that evidence of the December 22, 2004, act was offered for the proper purpose of demonstrating Young's motive for committing the July 20, 2005, shooting.[1] Motive is specifically named as a proper purpose in *Williams*.[2] *Williams*, supra at 642, n. 2.

The court also stated that "the purpose of showing motive . . . is supported by the evidence before the court. However, while there is evidence to link the defendant to the convenience store shooting,[3] there is no other similarity between the two crimes, other than that the same type of offense was involved in each." It is here that the trial court went astray.

It is common to refer to cases using the *Williams* analysis as "similar transaction" cases. See, e.g., *Davis v. State*, 269 Ga. 276, 278 (2) (496 SE2d 699) (1998); *Chisholm v. State*, 231 Ga. App. 835, 837-838 (2) (500 SE2d 14) (1995). Indeed, this "shorthand" reference to "similar transactions" is even reflected in the Uniform Superior Court Rules. See USCR 31.3. But, in fact, the concept is as stated in *Williams*; what is at issue is the admission of evidence of "independent offenses or acts." *Williams*, supra at 642 (2) (b). And, as *Williams* states, the third showing that the State must make is "that there is a sufficient *connection or similarity* between the independent offense or act and the crime charged so that proof of the former tends to prove the latter." (Emphasis supplied.) Id.

In this case, it is not the similarity between the two transactions that is relevant, but the connection between the two. The question is whether the State showed that there was a *connection* between the

---

[1] The trial court rejected the State's claims that the evidence supported the purposes of establishing "identity" and "absence of mistake/course of conduct."

[2] While it is true that the State need not prove motive in a murder trial, evidence of motive is always relevant to establishing such a charge. See *Morgan v. State*, 276 Ga. 72, 76 (6) (575 SE2d 468) (2003); *Brown v. State*, 270 Ga. 601, 602-603 (2) (512 SE2d 260) (1999). Thus, motive "enters into the offense" within the meaning of *Williams*. *Williams*, supra at 642, n. 2.

[3] It thus appears that the trial court concluded that the State had established the second showing required by *Williams*, that Young committed the Spurgeon shooting. Although Young contends that some of his statements to police should have been suppressed, the trial court determined that Young made the statement that he wielded a shotgun during the Spurgeon shooting while he was not in custody, but while being interviewed as a witness; this was not clearly erroneous. *Grier v. State*, 273 Ga. 363, 364 (541 SE2d 369) (2001).

offenses such that "proof of the former tends to prove the latter." *Williams*, supra at 642 (2) (b). The required connection is embedded in the proffered motive; the killing of Arkeem was committed to prevent evidence from being produced as to Young's involvement in the Spurgeon shooting.

And, the connection is adequately shown in the State's proffer.[4] The same handgun, linked to Young, was used in both murders. Young had fought with another cousin, Daniel Young, and called him a "snitch"; Young's animosity on this point was such that when Daniel Young was incarcerated at the same time as Young, Daniel demanded that officials keep them separated, as otherwise, one would have to kill the other. Young's willingness to do violence to another cousin over the matter shows his willingness to believe that members of his family were potential threats to him regarding his involvement in the Spurgeon killing, and there was no other discernible motive for Young's shooting of Arkeem.[5] The State's proffer shows that there is a connection "in the mind of the actor, linking [the two killings] together for some purpose he intended to accomplish." *Cawthon v. State*, 119 Ga. 395, 396 (5) (46 SE 897) (1904).

Thus, Young misses the mark when he argues that the motive behind the Spurgeon shooting (robbery) is dissimilar from the motive behind the shooting of Arkeem (silencing a witness). The fact that the motives underlying the two shootings may have been different does not address the connection between them. Young's participation in the first shooting is what gave him the reason for committing the second. That is what connects the two acts, such that "proof of the former tends to prove the latter." *Williams*, supra at 642 (2) (b).[6]

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 26, 2007.

*Michael L. Edwards, Jennifer R. Burns*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.

---

[4] We need not address what course would be proper if, at trial, the State fails to produce evidence it has proffered.

[5] In a portion of its order that did not address *Williams*, the trial court found the above facts concerning the handgun, Daniel Young, and Young's lack of another discernible motive for killing Arkeem.

[6] We need not address whether the evidence was otherwise admissible.