## A07A0909. RICHARD et al. v. THE STATE.
(651 SE2d 514)

RUFFIN, Judge.

Michael Richard and James Jones were charged with armed robbery, aggravated assault, and fleeing and attempting to elude a law enforcement officer. After a joint trial, a Liberty County jury found Richard guilty on all counts, and found Jones guilty of armed robbery and aggravated assault. The trial court denied their motions for a new trial. Richard and Jones appeal, challenging the sufficiency of the evidence and objecting to the trial court's admission of similar transaction evidence, refusal to grant a mistrial, and refusal to give a specific instruction to the jury. Finding no error, we affirm.

1. In an appeal from a criminal conviction, we view the evidence in a light most favorable to the jury's verdict, and we neither weigh the evidence nor evaluate witness credibility.[1] We uphold the verdict "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] Viewed in this manner, the record shows that on September 17, 2003, Richard and Jones entered a Dollar General store in Hinesville. Richard brought three items — men's socks, a two-liter bottle of strawberry soda, and Reese's Peanut Butter Cups — to the cash register where Dyrel Nowell was working. He pulled a gun from his pants and told Nowell to "give him all the money" in the cash register, and she complied. Richard then told Nowell to summon another store employee, Sharon Lee, to open the

---

[1] See Forde v. State, 277 Ga. App. 410 (626 SE2d 606) (2006).
[2] (Punctuation omitted.) Id. at 411.

other cash register. When Lee came to the cash register, Nowell told her "that [Richard] had a gun, that he wanted the money out of the drawer." Jones told Lee that "if [Lee] didn't hurry up, [Lee's] friend was going to get hurt." Lee gave Jones the money from the second cash register, which Jones put in a Dollar General bag. Lee saw a silver or light blue hatchback vehicle leave the area immediately after the robbery and described the vehicle when she called 911.

A Liberty County deputy sheriff saw a vehicle matching that description approximately five minutes after hearing a call about the incident broadcast over the radio. He identified Richard as the driver. After the deputy ran the vehicle's tag and discovered the vehicle was stolen, he requested backup. When other officers arrived, they activated their lights and sirens and pursued the vehicle. Officers chased the vehicle — at one point reaching speeds of 90 miles per hour — eventually ending on a dirt road where the occupants fled into a swampy area on foot. Jones was apprehended approximately half an hour later with two Dollar General bags containing cash in his pockets. Officers pursued Richard, but he ran into heavy brush. He was arrested the next day in the same area.

Footprints observed at the Dollar General and where the vehicle was abandoned matched the shoes Richard and Jones were wearing. Officers found a Dollar General bag in the vehicle containing socks, strawberry soda, and Reese's Peanut Butter Cups. At trial, Nowell and Lee identified Richard and Jones as the men who robbed them, and also were able to identify items of their clothing.

After his arrest, Richard gave a statement to police in which he admitted that he was the driver of the vehicle involved in the chase with police, that he fled on foot and spent the night in the swamp, and that he abandoned his gun in the swamp. Richard also confessed that, in the early morning hours of September 17, while in Chatham County, he had used the same gun to take the vehicle he drove in the chase. The driver of the vehicle testified that Richard and Jones took the vehicle from him at gunpoint while he was stopped at a traffic signal in Savannah. When they took the vehicle, Richard and Jones were wearing the same clothes that they wore in Liberty County later that day. The victim identified Richard from a photo lineup and identified both Richard and Jones at trial.

Richard and Jones challenge their convictions for armed robbery against Lee, arguing that there was insufficient evidence of those crimes because Lee never saw the gun. We find this argument unpersuasive. A person commits armed robbery "when, with intent to commit theft, he or she takes property of another . . . by use of an

offensive weapon."[3] The victim need not actually see the weapon so long as she had a reasonable apprehension that an offensive weapon was being used.[4] And this reasonable apprehension may be established by circumstantial evidence.[5]

Here, Lee was told by Nowell, who had seen the weapon, that Richard had a gun; Lee believed it, became frightened, and gave Jones money from the cash register. Jones threatened that if she did not hurry, Nowell would be hurt. This is sufficient circumstantial evidence from which the jury could find that Lee reasonably believed an offensive weapon was being used in the robbery.[6] Accordingly, we affirm the trial court's denial of the defendants' motion for a new trial on this ground.

2. Richard and Jones contend the trial court erred in allowing the introduction of evidence relating to their theft of a vehicle on the day of the Dollar General robbery, arguing that the State did not prove the two incidents were sufficiently similar.[7] We disagree. Generally, we uphold the trial court's admission of similar transaction evidence unless the decision was clearly erroneous.[8]

We find no error in the trial court's admission of the vehicle theft as a similar transaction. Evidence of an independent crime is admissible as a similar transaction if the State establishes: (1) the evidence is being admitted for a proper purpose and not merely to show that the defendant has a bad character; (2) there is sufficient evidence that the defendant committed the independent act; and (3) there is "a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter."[9]

Appropriate purposes for admitting evidence of another crime include showing that the crimes were part of " 'a system of mutually dependent crimes' " or that the same articles are connected with both offenses.[10] Here, where the crimes occurred on the same day, the vehicle stolen in one incident was then used to commit later crimes,

---

[3] OCGA § 16-8-41 (a).

[4] See *Prins v. State*, 246 Ga. App. 585, 586 (1) (539 SE2d 236) (2000).

[5] See *Marlin v. State*, 273 Ga. App. 856, 858 (2) (616 SE2d 176) (2005).

[6] See id. at 859; *Rutledge v. State*, 276 Ga. App. 580, 583 (623 SE2d 762) (2005); *Prins*, supra at 587 (1); *Forde*, supra at 412 (1).

[7] They also allege that there is no evidence the defendants were involved in the similar transaction and that they had not been convicted of the similar transaction, but have not supported these allegations with argument or citation to the record. We thus deem the arguments abandoned. See Court of Appeals Rule 25 (c) (2); *Kohlhaas v. State*, 284 Ga. App. 79, 84 (2) (d) (643 SE2d 350) (2007).

[8] See *Bailey v. State*, 259 Ga. App. 293, 297-298 (5) (576 SE2d 668) (2003).

[9] (Punctuation omitted.) *Young v. State*, 281 Ga. 750, 751-752 (642 SE2d 806) (2007).

[10] *Williams v. State*, 261 Ga. 640, 642 (2) (b), n. 2 (409 SE2d 649) (1991).

the same gun was used in both crimes, and in both instances Richard brandished the gun while Jones acted as "lookout," there was sufficient evidence that the crimes were introduced for the proper purpose of showing the defendants' bent of mind or course of conduct, rather than to demonstrate their bad character.[11] As the victim identified Richard and Jones at trial as the perpetrators, they were driving the vehicle the same day, and the jury heard Richard's statement in which he confessed to taking the vehicle at gunpoint, there was sufficient evidence that they committed the act.[12] And as discussed herein, the evidence shows numerous connections between the crimes such that " 'proof of the former tends to prove the latter.' "[13]

Moreover, the vehicle was stolen on the same day as the Dollar General robbery and used to flee from the scene of the subsequent crime and in a chase involving law enforcement. Thus, the vehicle theft "can be considered a continuation of a crime spree and therefore admissible as part of the res gestae."[14] We therefore conclude that the trial court did not err in admitting evidence of the vehicle theft.[15]

3. Richard and Jones argue that the trial court allowed the State to improperly place their character in evidence.[16] Specifically, they object to the State's comments during its opening statement regarding the sexual orientation of the victim of the vehicle theft and that the crime occurred in an area frequented by homosexuals. As neither Richard nor Jones objected at the time, this issue is waived on appeal.[17]

4. When Jones was arrested, he told police that his accomplice was named Michael. The State concedes that it violated the *Bruton*[18] rule by referring to this comment in its opening statement. Richard and Jones moved for a mistrial, which the trial court denied. On

---

[11] See *Carero v. State*, 277 Ga. 867, 869 (1) (596 SE2d 619) (2004); *Gay v. State*, 258 Ga. App. 854, 855-856 (1) (575 SE2d 740) (2002).

[12] See *Jennings v. State*, 277 Ga. App. 159, 162-163 (3) (626 SE2d 155) (2006) (victim's testimony about crime and in-court identification of defendant as perpetrator sufficient to establish that defendant committed independent act).

[13] *Young*, supra; see *Carero*, supra.

[14] *Houston v. State*, 270 Ga. App. 456, 457-458 (1) (606 SE2d 883) (2004).

[15] See *Carero*, supra.

[16] Richard and Jones also enumerate as error the admission of evidence regarding the sexual orientation of the vehicle theft victim; however, they have abandoned that portion of the enumeration by failing to support it with argument or record citation. See *All Fleet Refinishing v. West Ga. Nat. Bank*, 280 Ga. App. 676, 684 (7) (c) (634 SE2d 802) (2006).

[17] See *Sampson v. State*, 282 Ga. 82, 83-84 (4) (646 SE2d 60) (2007).

[18] See *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) (a defendant's Sixth Amendment right of confrontation is violated when, at a joint trial, one co-defendant's confession is used to implicate the other co-defendant in the crime and the co-defendant who made the implicating statement exercises his Fifth Amendment right not to testify and is not available for cross-examination).

appeal, they argue that the trial court erred in denying the motion for a mistrial on this basis. A *Bruton* violation may be harmless error, however, if "the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error."[19]

Jones has not shown any harm resulting from the State's comment, as it implicated Richard rather than him. And Richard has also failed to show how he was harmed by the comment, as his confession was admitted and the other evidence linking him to the crimes charged, including eyewitness identification, was so overwhelming that the comment cannot be said to have contributed to the verdict.[20] The trial court did not err in denying the motion for new trial on this ground.[21]

5. Richard and Jones assert that the trial court erred in refusing to instruct the jury that "[w]here a gun, though present and used to threaten another, was not used to take [the] victim's property as required under OCGA § 16-8-41, armed robbery has not been perpetrated." The trial court instead gave the pattern jury charge on armed robbery. "Where the charge given substantially covers the applicable principles, failure to give the requested instructions in the exact language requested is not error."[22] As the charge given covered the principle of law in the requested charge, we find no error.[23]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 4, 2007.

*Braun & Braun, Richard E. Braun, Jr., Robert F. Pirkle*, for appellants.

---

[19] (Punctuation omitted.) *Collum v. State*, 281 Ga. 719, 721-722 (2) (642 SE2d 640) (2007) (admission of confession of nontestifying co-defendant implicating the accused violates Sixth Amendment right to confront witnesses).

[20] See *Horne v. State*, 281 Ga. 799, 808-809 (5) (642 SE2d 659) (2007); *Mason v. State*, 279 Ga. 636, 638 (2) (b) (619 SE2d 621) (2005).

[21] See *Bunkley v. State*, 278 Ga. App. 450, 454 (1) (a) (629 SE2d 112) (2006).

[22] (Punctuation omitted.) *Alewine v. State*, 273 Ga. App. 629, 633 (3) (b) (616 SE2d 472) (2005).

[23] See *Kirk v. State*, 271 Ga. App. 640, 645 (4) (610 SE2d 604) (2005); see also *Oliver v. State*, 232 Ga. App. 816, 820 (2) (503 SE2d 28) (1998) (finding no error in failure to give similar charge; "[t]he language of the statute itself, quoted in the charge as given, is sufficient to convey this meaning").

*Tom Durden, District Attorney, Mark A. Hendrix, Assistant District Attorney*, for appellee.