S09A1860. ZACKERY v. THE STATE.
(688 SE2d 354)

HINES, Justice.

Richard Zackery appeals the denial of his motion for new trial following his convictions for malice murder, armed robbery, and aggravated assault, all in connection with the fatal shooting of Travis Harris and the pistol beating of Marvin Thurman. Zackery challenges the sufficiency of the evidence of his guilt and certain comments by the prosecutor in opening statement. Finding the challenges to be without merit, we affirm.[1]

The evidence construed in favor of the verdicts showed the

---

[1] The crimes occurred on December 8, 2002. On April 12, 2006, a Dougherty County grand jury returned an indictment charging Zackery jointly with Ricardel Hightower, Roderick

following. The apartment of Sammy Green in Albany, Georgia was used as a gambling house. On December 8, 2002, Zackery and Ricardel Hightower were at the apartment at various times during the day, and that evening Hightower got into an argument with Travis Harris over some behavior while playing cards. Zackery broke up the argument. Hightower was gambling with Zackery's money and he and Zackery became upset after losing a significant amount of money. Hightower and Zackery left the apartment around midnight and went to a nearby pool hall. There they met with Roderick Johnson and Abe Brown and the men agreed to go to Green's apartment and rob those inside. In the early morning hours, Zackery, Hightower, and Johnson went to Green's apartment; they were masked and armed with an AK-47 assault rifle purchased by Zackery. Harris, Sammy Green, Anthony Green, Marvin Thurman, and Jerry Turner were at the apartment at that time. Thurman and Harris were standing outside the front door when the three armed masked men approached. Harris ran and Zackery fired the AK-47 at him, fatally wounding him. Thurman was struck with a pistol and forced inside the apartment, where he, Anthony Green, and Turner were robbed; Sammy Green hid in the bathroom during the robbery.

1. Zackery contends that the trial court erred in denying his motion for new trial on the general grounds because the evidence did not support the verdicts of guilt. However, the resolution of any evidentiary conflicts and inconsistencies, and the assessment of witness credibility are the province of the jury, not this Court. *Hampton v. State*, 272 Ga. 284, 285 (1) (527 SE2d 872) (2000). Here, the evidence authorized the jury to conclude that Zackery was guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Zackery next contends that the trial court committed reversible error by allowing the prosecutor in opening "to inject the

Johnson, and Abe Brown with: Count 1 – burglary; Count 2 – armed robbery; Count 3 – the aggravated assault of Marvin Thurman; Count 4 – the aggravated assault of Travis Harris; Count 5 – the malice murder of Travis Harris; and Count 6 – the felony murder of Travis Harris. The three men were tried jointly before a jury May 8-15, 2006, and all were found guilty of Counts 2, 3, 4, 5, and 6; prior to trial, an order of nolle prosequi was entered on Count 1. Zackery was sentenced as a recidivist to life in prison without parole on Count 5; life in prison on Count 2, to be served concurrently with the sentence on Count 5; and 20 years in prison on Count 3, to be served concurrently with the sentence on Count 5. The trial court found that Count 4 merged with Count 5 for the purpose of sentencing; Count 6 stood vacated by operation of law. A motion for new trial was filed on June 13, 2006, and an amended motion for new trial was filed on June 13, 2008. The motion for new trial as amended was denied on October 8, 2008. A motion for an out-of-time appeal was filed on December 11, 2008, and the motion was granted on January 9, 2009. A notice of appeal was filed on January 26, 2009, and the case was docketed in this Court on July 27, 2009. The appeal was submitted for decision on September 21, 2009.

statement of a confidential informant which implicated [him]." Citing *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1957), he complains that the State did not disclose to him the particular information received from the informant or the basis for the informant's knowledge. But, the complaint is unavailing.

During opening statement, the prosecutor said, "These defendants were all identified as potential suspects in this case based upon information from a confidential informant. They were immediately identified." Co-defendant Hightower objected to the statements on the basis that the confidential informant's information was hearsay, which the State would not properly be able to get in evidence, and therefore, the State was using its opening to get such information before the jury. After the trial court ruled adversely on the objection, Hightower moved for a mistrial, again on the basis of hearsay, and Zackery joined in the motion. The record does not disclose any timely objection at trial by Zackery about the alleged failure by the State to disclose information about the confidential informant. Therefore, the complaint now made is not preserved for appeal.[2] *Reddin v. State*, 223 Ga. App. 148, 152 (6) (476 SE2d 882) (1996); *Brantley v. State*, 177 Ga. App. 13, 14 (1) (338 SE2d 694) (1985).

As to any claim that by the subject statements the prosecutor made assertions of fact in the opening statement that could not be established by the evidence, it fails to provide a basis for reversal of Zackery's convictions as there was no evidence that the prosecutor acted in bad faith and the trial court instructed the jury that evidence did not include the opening statements by the attorneys. *Bellamy v. State*, 272 Ga. 157, 160 (5) (527 SE2d 867) (2000); see also *Jarvis v. State*, 285 Ga. 787, 789 (2) (a) (683 SE2d 606) (2009).

3. Zackery further asserts that the trial court committed reversible error by denying his request for a mistrial based upon the prosecutor's injection of statements made by co-defendant Johnson, in violation of *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). In opening statement, the prosecutor said, "Roderick Johnson made the statement to the police or a police officer that he felt that Richard Zackery and Ricardel Hightower were involved in the crime, and at that time, he believed that Abe Brown had told everything."

First, " '[a] *Bruton* violation occurs when a (non-testifying) co-defendant's . . . statement inculpating the defendant *is considered by the jury as evidence against the defendant*, who was not a party to

---

[2] Zackery does not invoke OCGA § 17-8-75, which requires the trial court to prevent counsel from making improper arguments; even so, this statute requires the trial court to act only when counsel makes a timely objection. *Henderson v. State,* 285 Ga. 240, 245 (6) (675 SE2d 28) (2009).

the (statement).' " (Emphasis supplied.) *Watkins v. State*, 285 Ga. 107, 111 (4) (674 SE2d 275) (2009); see also *McNeal v. State*, 196 Ga. App. 244, 246 (4) (395 SE2d 660) (1990). And as already noted, what is said by the attorneys in opening statements is not evidence, and the jury was so instructed in this case. See Division 2, supra. Thus, the appropriateness of a *Bruton* challenge in the situation of comments made in the course of the State's opening statement is subject to question. See *Polite v. State*, 273 Ga. App. 235, 238 (3) (614 SE2d 849) (2005). However, in treating such a challenge, this Court has determined that " '[f]or the admission of a co-defendant's statements to constitute a *Bruton* violation the statements *standing alone must clearly inculpate* the defendant.' " *Metz v. State*, 284 Ga. 614, 619 (4) (669 SE2d 121) (2008). Johnson's statement that he "felt" that Zackery and Hightower were "involved" merely expresses Johnson's speculation, and as such, falls short of clearly inculpating Zackery. Id. at 619 (4). See *Fetty v. State*, 268 Ga. 365, 370 (7) (489 SE2d 813) (1997). Even assuming arguendo a *Bruton* violation, the complained-of statements echoed evidence that was admitted at trial, and thus, provide no basis for reversal of Zackery's convictions. *Collum v. State*, 281 Ga. 719, 722 (2) (642 SE2d 640) (2007); *Mason v. State*, 279 Ga. 636, 638 (2) (b) (619 SE2d 621) (2005).

*Judgments affirmed. All the Justices concur, except Hunstein, C. J., who concurs in Divisions 1 and 2 and in the judgment.*

DECIDED JANUARY 25, 2010.

*Christopher S. Warren*, for appellant.
*Gregory W. Edwards, District Attorney, Thurbert E. Baker, Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.