**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 14, 2022**

# In the Court of Appeals of Georgia

A22A0348. WILSON v. THE STATE.

PINSON, Judge.

Jonathan George Wilson and a co-defendant were convicted of armed robbery, aggravated assault, and possession of a firearm during the commission of a crime. During opening statements of the joint trial, the co-defendant's counsel made comments suggesting that Wilson (and not the co-defendant) committed the crimes. Wilson contends on appeal that his trial counsel rendered constitutionally ineffective assistance by failing to object to those comments, which in his view violated his Confrontation Clause rights under _Bruton v. United States_, 391 U. S. 123, 126 (88 SCt 1620, 20 LEd2d 476) (1968). But even assuming comments made during an opening statement are properly subject to a _Bruton_ challenge, these comments would stand up to that challenge, because they did not introduce any testimonial out-of-court

statement by a non-testifying co-defendant. As a result, an objection to these comments likely would have been meritless, and so Wilson's claim of ineffective assistance fails. And Wilson's other claims of error were either not preserved for appeal or not supported with argument, so we affirm his convictions and sentences.

## Background

Wilson and a co-defendant, Dijoun Drake, were indicted on 14 counts of armed robbery, aggravated assault, and possession of a firearm during the commission of a crime. They were tried together.

At the outset of trial, the court instructed the jury that the attorneys would make opening statements, but that "[t]his opening statement is not evidence. Remember that what the lawyers say is not evidence. But [it] is a preview or an outline of what they expect the evidence to be."

During the opening statements that followed, Drake's counsel made comments that cast Wilson in a guilty light. He began by saying, "Ladies and gentlemen, welcome to the trial of Jonathan Wilson and, and? Well, that's the question." Later, he said, "Dijoun Drake's wallet and ID were the only evidence of him around the scene here. They were left there because he happened to leave them before Mr.

2

Wilson and -- committed this crime." Wilson's counsel did not object to these remarks.

After the State rested, both Wilson and Drake moved for directed verdicts on all counts. The trial court denied the motions. Wilson and Drake both then rested without presenting any evidence. Both were convicted on all counts.

Both defendants moved for a new trial. While the motions were pending, the defendants attended a resentencing hearing after the State conceded it had not proven its case on Count 14 of the indictment. Count 14 charged the defendants under OCGA § 16-11-106 with possessing a gun while committing armed robberies. But the State stipulated that the purported shotgun used by the defendants was actually an air rifle; it did not have a projectile propelled by gunpowder, and therefore did not qualify as a "firearm" under the statute. See *Fields v. State*, 216 Ga. App. 184, 187 (1) (453 SE2d 794) (1995) (a "firearm" within the meaning of OCGA § 16-11-106 is a weapon that discharges a projectile by force of gunpowder). Both attorneys made clear that, in light of this stipulation, they had advised their clients to request to be resentenced. However, both defendants told the trial court that they did not wish to be resentenced at that time.

Months later, the trial court heard the motions for new trial at a combined hearing. No witnesses were called. Wilson, now represented by new counsel, argued that his trial counsel was ineffective for failing to object when Drake's counsel implicated Wilson during his opening statement. Neither Wilson nor Drake argued that their air rifle did not qualify as a firearm under Count 14, but the State raised the point on its own and conceded that it had not proven its case.

In a one-page order, the trial court denied Wilson's motion for new trial as to Counts 1-13, but granted it as to Count 14, "as the evidence presented by the State was insufficient to prove the essential elements of such offense." On the same day, the court nolle prossed Count 14 as to Wilson.

Wilson appealed. We dismissed that appeal for lack of jurisdiction, noting that because Wilson had not been resentenced to reflect the nolle prosse of Count 14, the case was not final. We directed that on the entry of a resentencing order, the superior court clerk should re-transmit the appeal, with no need for Wilson to file a second notice of appeal. See *Wilson v. State*, ___ Ga. App. ___ (Case No. A20A1343, decided February 25, 2020). Wilson was duly resentenced, and this appeal followed.

Discussion

1. To prevail on a claim of ineffective assistance of counsel under the Sixth Amendment, a defendant must establish both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Stafford v. State*, ___ Ga. ___ (3) (a) (865 SE2d 116) (2021) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (III) (104 SCt 2052, 80 LEd2d 674) (1984)). To establish deficient performance, the defendant must demonstrate that counsel "'performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms.'" *Anthony v. State*, 311 Ga. 293, 294-95 (1) (857 SE2d 682) (2021). There is a "'strong presumption'" that counsel acted reasonably, so the defendant must show that "'no reasonable lawyer would have done what his lawyer did, or would have failed to do what his lawyer did not.'" Id. at 295 (1). Relevant here, it is not unreasonable to fail make an objection that would be meritless. *Stafford*, ___ Ga. at ___ (3) (a).

Here, Wilson contends that his counsel was ineffective for failing to object to remarks his co-defendant's counsel made during opening statements that implicated Wilson in the crime. In his view, those remarks violated his Confrontation Clause rights under *Bruton v. United States*, 391 U. S. 123, 126 (88 SCt 1620, 20 LEd2d 476) (1968).

5

Under *Bruton*, a defendant is deprived of his rights under the Confrontation Clause of the Sixth Amendment when "co-defendants are jointly tried and 'the testimonial statement of a co-defendant who does not testify at trial is used to implicate another co-defendant in the crime.'" *Collins v. State*, ___ Ga. ___ (8) (b) (864 SE2d 85) (2021) (citing *Bruton*, 391 U. S. at 126). But *Bruton* "excludes only the statement of a non-testifying co-defendant that standing alone directly inculpates the defendant." Id. at ___ (8) (b).

To begin with, it is not clear that comments made during an opening statement are even subject to a *Bruton* challenge. Because an opening statement is not evidence, our Supreme Court has observed that "the appropriateness of a *Bruton* challenge in the situation of comments made in the course of [an attorney's] opening statement is subject to question." *Zackery v. State*, 286 Ga. 399, 402 (3) (688 SE2d 354) (2010). For this reason, when the Supreme Court has considered a *Bruton* challenge to an attorney's opening statement, it has generally just assumed without deciding that the comments could be challenged. See, e. g., *Collins*, ___ Ga. at ___ (8) (b) (assuming without deciding that the defendant could raise a *Bruton* challenge to comments the prosecutor made during opening statement, the challenge would fail because the prosecutor's comments were not clearly inculpatory of the defendant); *Simpkins v.*

6

*State*, 303 Ga. 752, 756-57 & n.4 (II) (814 SE2d 289) (2018) (same); *Zackery*, 286 Ga. at 402 (3) (same). See also *Polite v. State*, 273 Ga. App. 235, 238 (3) (614 SE2d 849) (2005) (no *Bruton* issue where the remarks objected to were made during opening statement and the trial court instructed the jury that opening statements are not evidence). But see *Richard v. State*, 287 Ga. App. 399, 402-03 (4) (651 SE2d 514) (2007) (where State conceded it violated *Bruton* by referring in opening statement to a testimonial out-of-court statement by a co-defendant, trial court did not err by denying motion for new trial when evidence of guilt was overwhelming).

We will follow the Supreme Court's lead and assume without deciding that the opening-statement comments here may be challenged under *Bruton*. But even assuming a *Bruton* challenge here would have been appropriate, it would have failed. There is no question that counsel's comments here implicated Wilson, but comments by counsel don't raise *Bruton* issues just because they implicate the defendant. See *Collins*, ___ Ga. at ___ (8) (b) (prosecutor's comment that he would not be able to ask the detective what the co-defendants said about each other did not violate *Bruton*); *Simpkins*, 303 Ga. at 756-57 (II) (prosecutor's comment that a co-defendant had told a GBI agent "what he'd done" did not violate *Bruton*); *Zackery*, 286 Ga. at 402 (3) (prosecutor's assertion that a co-defendant had told law enforcement that he

"felt" the defendant was involved in the crime did not violate *Bruton*). Instead, the Confrontation Clause problem with such comments arises only if they introduce a "*statement* of a non-testifying co-defendant that standing alone directly inculpates the defendant." *Collins*, ___ Ga. at ___ (8) (b) (emphasis added). But here, Drake's counsel said only that Drake's belongings were at the scene of the crime "because he happened to leave them before Mr. Wilson and -- committed this crime." Because counsel neither introduced nor even alluded to any out-of-court testimonial statement, any objection to Drake's counsel's comments was likely to be meritless. See *Stafford*, ___ Ga. at ___ (3) (a); *Simpkins*, 303 Ga. at 757 (II) (prosecutor's comment during closing did not violate *Bruton* because it did not expressly assert that a co-defendant had inculpated the defendant). At the very least, we cannot say that "no reasonable lawyer" would have failed to object, see *Anthony*, 311 Ga. at 295 (1), so Wilson has not established that his counsel's performance was deficient for this reason. *Stafford*, ___ Ga. at ___ (3) (a).[1]

[1] Wilson contends that his case should at least be remanded for an evidentiary hearing, since no evidence was introduced at the hearing on his motion for new trial. See *Elkins v. State*, 306 Ga. 351, 363 (4) (c) (830 SE2d 217) (2019) ("[w]hen there has been no evidentiary hearing in the trial court on a preserved claim of ineffective assistance of counsel, this Court generally must remand the case to the trial court for an evidentiary hearing on the issue"). But "[a] remand is not mandated if we can determine from the record that a defendant cannot establish ineffective assistance

8

2. Wilson also contends that his trial counsel was ineffective for failing to file a timely demurrer to Count 14 of the indictment. But that issue has not been preserved for appellate review. "'To preserve the issue of ineffective assistance of previous counsel, new counsel must raise the issue at the earliest practicable opportunity of post-conviction review or the issue is waived.'" *McIntyre v. State*, 312 Ga. 531, 536 (3) (863 SE2d 166) (2021). Wilson had new counsel for his amended motion for new trial and at the hearing on that motion, but that counsel did not raise this claim of ineffectiveness at either point. The issue is therefore waived and not preserved for appeal. Id.; see also *Prince v. State*, 295 Ga. 788, 793 (2) (b) (764 SE2d 362) (2014) (claim of ineffective counsel not preserved for appeal when defendant did not raise it in an amended motion for new trial filed by new counsel or at the hearing on that motion).

3. Wilson asserts that the trial court's single-page order denying his motion for new trial was "clearly erroneous because it contained no findings of fact or conclusions of law." Wilson does not support that contention with argument or citation to authority and does not mention it again in his brief. The argument is

_____

under the two-prong test set forth" in *Strickland*. Id. Here, we did just that, so no remand is necessary.

9

therefore deemed abandoned, and we do not consider it. See Court of Appeals Rule 25 (c) (2).

*Judgment affirmed. McFadden, P. J., and Gobeil, J., concur.*